TAYLOR v. ARKANSAS DEMOCRAT COMPANY.

4-2659

Opinion delivered October 24, 1932.

344

*Sam Rorex, Nat Hughes* and *McNalley & Sellers,* for appellant.

*Carmichael & Hendricks,* for appellee.

HUMPHREYS, J. The pleadings in this case are as follows: First, an intervention of appellee in the proceedings for the liquidation of the American Exchange Trust Company in the chancery court of Pulaski County, alleging its right to an offset, of $15,527.19, against a note for $20,000 it owed said bank on the day the bank ceased to do business; second, the answers of appellant banks denying the right of appellee to set off the bank's indebtedness to it against said note to the extent of their alleged respective interests therein, and their cross-complaint alleging a preference over appellee and the general creditors in the funds to be derived from said note, and in the cash funds of said bank; and, third, the answer of the Bank Commissioner denying the right of set-off by appellee, except the difference between the participation certificates and the $20,000 note, and the right of appellant banks to the preference claimed by them.

The cause was submitted upon the issues joined by the pleadings and an agreed statement of facts, from which the court found and decreed that the appellee was entitled to a set-off in the sum claimed against its note, and appellant banks were entitled to a preference *pro rata* in the excess paid by appellee in the settlement of its note, from which is this appeal.

The agreed statement of facts is as follows:

"The parties to this action agree that the following is a complete statement of undisputed facts upon which the issues of law are based, and, as such, submit same to the court:

"The American Exchange Trust Company held the note of the Arkansas Democrat Company in the sum of $20,000, which note was due February 6, 1931.

"On November 10, 1930, it sold to the First National Bank of Junction City, Arkansas, what was called a participating contract in the amount of $4,000, the form of which is as follows, to-wit:

" 'No._____                    $_____

" 'Certificate of Participation

" 'THE AMERICAN EXCHANGE TRUST COMPANY, Little Rock, Arkansas, has allotted to_____
_____a-participation of_____dollars in a
loan for_____made to_____ _____
secured by_____dated_____ due
_____with interest at_____per annum.

" 'In allotting participation to its customers and others, in loans made by it and in the handling of the same, including substitutions or withdrawals of collaterals, with or without reductions of the loans, the American Exchange Trust Company endeavors to exercise the same care that it exercises in the making and handling of loans for its own account, but it does not assume further responsibility. Such allotments and the handling of the loans, including substitutions and withdrawals of collateral, are for the account and risk of the participants.

" 'American Exchange Trust Company,

_____          _____
" 'Vice-Pres.                                    " 'Asst. Secy.

" 'This certificate should be sent direct to the American Exchange Trust Company for collection a few days before maturity.'

"On November 14, 1930, it sold a similar contract to the People's Bank of Mammoth Spring, Arkansas, for $2,500, and on the same day sold a similar contract for $5,000 to the Calhoun County Bank, of Harrell, Arkansas.

"The only evidence of said transactions were the participating contracts. There was no indorsement on

said note, which remains in the hands of the American Exchange Trust Company, and was in its hands at the time it was taken over by the Bank Commissioner.

"At the time of said suspension the Arkansas Democrat Company had on deposit with the American Exchange Trust Company the sum of $15,127.89, and said bank was indebted to the Arkansas Democrat Company in the sum of $399.30, making a total amount due the Arkansas Democrat Company of $15,527.19. If the Arkansas Democrat had been allowed to offset its account against the bank, it would still owe the bank $4,472.81 on February 6, 1931, the date said note became due. On said date, the Arkansas Democrat tendered to the bank commissioner said amount of $4,472.81 and demanded its note. The bank commissioner refused to accept said tender and payment, and refused to surrender said note, but credited said note with $8,500, which was the amount of said note, less the amount of the participating contracts it had sold, and set off said sum against the above-mentioned claim of the Arkansas Democrat Company.

"The banks buying the participating contracts had deposits with the American Exchange Trust Company, and, in making these investments, ordered it to charge the amounts invested to their respective accounts.

"There was more than $300,000 in cash in the American Exchange Trust Company when it was taken over by the Bank Commissioner."

The undisputed facts reflect that the $20,000 note which appellee owed the American Exchange Trust Company had not been negotiated in the manner required by §§ 7796, 7797 and 7798 of Crawford & Moses' Digest, and that it was held intact by said bank when the Commissioner took charge of the assets of the bank for liquidation. Appellant banks having failed to acquire an interest in the $20,000 note in accordance with the provisions aforesaid of the Negotiable Instruments Act, were and are in no position to challenge appellee's right to offset the bank's indebtedness to it against its indebtedness to said bank. There is nothing in the agreed statement of

facts tending to show that appellee knew of, or consented to, an assignment of an interest in the $20,000 note it owed the bank by the execution of participation certificates therein to appellant banks; hence was not estopped to claim its right of set-off by an assignment of a part of the note in manner contrary to the Negotiable Instruments Act. In order to have deprived appellee of its right of set-off, the note must have been negotiated in accordance with the provisions of the Negotiable Instruments Act, or else appellee must have assented to or acquiesced in the issuance of certificates of participation by said bank.

Appellant banks, however, contend that, under and by virtue of the participation certificates in the $20,000 note that they acquired by purchase from the American Exchange Trust Company, they are entitled, in any event, to a preference *pro rata* in the amount owed by appellee upon its note after its claim against said bank has been deducted therefrom. The chancellor so found, and decrees upon the theory that the participation certificates created an express trust between appellant banks and the American Exchange Trust Company. Subdivision 5 of § 1 of act 107 of the Acts of 1927 provides for a preference in the assets of a defunct bank to beneficiaries of an express written trust. There are no words in the participation certificates evidencing an intention to create a trust. The *res* or subject-matter is not characterized as a trust fund, and the American Exchange Trust Company is not designated therein as a trustee. This court announced in the case of *Kansas City Life Insurance Co.* v. *Taylor,* 184 Ark. 772, 43 S. W. (2d) 372, that (quoting syllabus one): "To create an express trust, there must be some act on the part of the creator expressive of an intention to create a trust and to make a designated party a trustee."

The certificates are nothing more than evidences of indebtedness entitling appellant banks to participate in the funds of the bank as general creditors.

That part of the decree allowing appellee a set-off and declaring appellant banks general creditors is

affirmed, but that part awarding appellant banks the difference between the face of the note and the set-off is reversed, and the cause is remanded with directions to the chancellor to enter a decree in accordance with this opinion.

Mr. Justice KIRBY dissents.

Mr. Justice McHANEY dissents as to modification.